UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLOBAL PAYCARD CORPORATION d/b/a KITTRELL PAYCARD, § § § § *Plaintiff*, § § v. § ONECOM LLC, et al., § § *Defendants*. § § § § § | Civil Action No. 3:21-CV-0767-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Onecom, LLC's ("Onecom") Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. 48]. Also before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or Alternatively, to Transfer for Improper Venue, filed by defendants My Fast Funds, LLC, ("MFF"), Rocket One Capital LLC ("Rocket"), Michael Shvartsman, Jeffery Foster, and Michael Park (collectively, "the Florida Defendants"). [Doc. 53]. For the reasons explained below, the Court **GRANTS** the Florida Defendants' alternative motion to transfer. Additionally, the Court **DENIES WITHOUT PREJUDICE** Onecom's motion to dismiss. The Court hereby **TRANSFERS** this case to the Southern District of Florida.

### I. Factual Background

Plaintiff Global Paycard Corporation ("Global") sued Onecom in the 101st judicial district court of Dallas County, Texas, for conversion and money had and

received, and Onecom timely removed the case. In April of 2021, Onecom filed its first motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Rule 12(b)(7) and Rule 19 for failure to join an indispensable party. Alternatively, Onecom moved for transfer under 28 U.S.C. Section 1406. In its reply, Onecom withdrew its request for dismissal under Rule 12(b)(3) and its request for transfer under 28 U.S.C. Section 1406, conceding that they are improper remedies after removal.[1] The Court denied that motion without prejudice.[2]

A month later, Onecom filed an amended motion to dismiss, which the Court denied without prejudice because Onecom had not addressed deficiencies in its motion regarding the issue of federal jurisdiction.[3] Onecom then filed another motion to dismiss; however, Global filed an amended complaint which mooted Onecom's motion.[4] The amended complaint added MFF, Rocket, Shvartsman, Foster, and Park as defendants. Finally, Onecom filed a motion to dismiss the amended complaint for failure to join an indispensable party and for failure to state a claim upon which relief can be granted.[5] Additionally, the Florida Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue.[6] These two motions are now before the Court.

---

[1] Doc. 17 at 2.
[2] Doc. 24 at 1.
[3] Doc. 33 at 1.
[4] Docs. 36; 46.
[5] Doc. 48.
[6] Doc. 53.

## II. Legal Standards

Federal venue rules permit a district court to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses [or] in the interest of justice."[7] In determining whether to transfer a civil action under Section 1404, courts consider both private and public factors in deciding if convenience or justice warrant transferring the action to any given district.[8]

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient."[9] However, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," "[a] plaintiff's choice of forum . . . is not an independent factor within . . . the § 1404(a) analysis."[10] Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question."[11]

## III. Analysis

The Court will first address the Florida Defendants' motion to transfer venue before addressing Onecom's motion to dismiss.

---

[7] 28 U.S.C. § 1404(a).

[8] *See id.*; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

[9] *In re Volkswagen*, 545 F.3d at 315.

[10] *Id.* at 314 n.10, 315.

[11] *Id.* at 314 n.10 (cleaned up).

## A. Venue

A court may only transfer a case to another district or division where it could have been brought earlier.[12] Therefore, the Florida Defendants begin their argument for transfer by claiming that Global could have brought its claims in the Southern District of Florida because all the Florida Defendants are Florida citizens and Onecom is incorporated in Delaware but maintains offices, as alleged by the Florida Defendants,[13] in Florida. Global does not dispute this argument, so the Court moves to the second part of its analysis.

The Court, in the interest of justice, "may transfer any civil action to any other district or division where it might have been brought."[14] The Court uses "private and public interest factors . . . for the determination of whether a [Section] 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice."[15] "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[16] "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

---

[12] 28 U.S.C. § 1404(a).

[13] "Indeed, to the extent Onecom has any funds belonging to Plaintiff and to the extent the newly added Florida Defendants played any role in Onecom's retention of those funds, the funds would be at Onecom's offices in Miami, Florida, not in Texas." Doc. 54 at 6.

[14] *Id.*

[15] *In re Volkswagen*, 545 F.3d at 315.

[16] *Id.* (cleaned up).

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."[17]

Turning first to the private factors, the Florida Defendants argue that "all of the witnesses and any evidence that may be maintained by the newly added Florida Defendants would also be located in the Southern District of Florida."[18] It is undisputed that all the Florida Defendants are citizens of Florida who reside in the Southern District of Florida and that Onecom is a citizen of Delaware. For this reason, if the case were to proceed in Texas, accessing sources of proof—both in terms of witnesses and evidence—by the parties and the Court would prove difficult and burdensome. The over-one-thousand-mile journey between Dallas and the Southern District of Florida would present significant difficulties to both the Court and the parties. Even without the five Florida Defendants, this case introduces unique challenges in securing witnesses for trial, paying the cost of travel and attendance, participating in discovery, and expediting the trial process. When Global added the five Florida Defendants, these processes became even more challenging.

Looking to each factor specifically, the ease of access to sources of proof—despite Global's claim that its evidence and witnesses are in Dallas—weighs in favor of transfer because five of the six defendants are citizens of Florida, and those Florida

---

[17] *Id.* (cleaned up).
[18] Doc. 54 at 17.

Defendants claim that their evidence and witnesses lie in the Southern District of Florida.[19]

Second, the availability of compulsory process to secure the attendance of witnesses weighs in favor of transfer because the distance between Florida and Texas (and Oklahoma City and Utah[20]) is greater than one hundred miles, which is the maximum distance Rule 45(c) permits the Court to require witnesses to travel.[21]

Third, the cost of attendance for willing witnesses favors transfer because, again, the Florida Defendants are all Florida citizens, and it would cost substantially more to send all five of them (and presumably their witnesses) to Dallas.

Finally, the various other practical problems that make trial of a case easy, expeditious, and inexpensive weigh in favor of transfer because, simply, it would be difficult for the Court to wrangle together this collection of individuals located in the Southern District of Florida and subsequently conduct a cohesive trial that adequately and justly accommodates an influx of travel on a trial timeline that exists in a constant state of flux. All the private factors, in varying degrees, weigh in favor of transfer.

The public factors also weigh in favor of transfer. The Dallas Division of the Northern District of Texas is heavily congested with an ever-growing inflow of cases.

---

[19] Global chose not to add Cardplatforms, LLC, which the Florida Defendants allege is "the only entity alleged to have engaged in any activity in Texas." Doc. 54 at 16.

[20] Global explains how its "most likely third-party witnesses will be from Stride Bank which is based in Oklahoma City, approximately 200 miles from Dallas," or "from Onecom's office located in Utah." Doc. 58 at 16. Neither Oklahoma City nor Utah stand within 100 miles of Dallas.

[21] FED. R. CIV. P. 45(c).

The Court has an interest in resolving local issues at home in Dallas, but this case—though it maintains some local ties through Global—appears more at home in Florida than in Dallas. Regarding the familiarity of the forum with the law that will govern the case, "[t]he agreement between [Global] and non-party CP, which is at the heart of this dispute[,] is governed by Florida Law."[22] If this is true—and Global does not dispute that claim in its response—then the Southern District of Florida may have more familiarity with the law governing the case than the Court. Taken together, the public factors weigh in favor of transfer to the Southern District of Florida.

In conclusion, both the public and private factors demonstrate that, in the interest of justice and for the convenience of the parties and witnesses, the Court should transfer this case under Section 1404(a) to the Southern District of Florida.

### B. Onecom's Motion to Dismiss

In addition to the Florida Defendants' motion to dismiss, Onecom's motion to dismiss is pending before the Court. Onecom does not state any aversion to transfer, and the Florida Defendants suggest that Onecom maintains offices in Florida.[23] If the case is transferred to the Southern District of Florida, many of Onecom's issues with Global's complaint, as well as other issues stated in the Florida Defendants' motion to dismiss, will likely be resolved. Therefore, the Court **DENIES WITHOUT PREJUDICE** Onecom's motion to dismiss and gives Onecom and the Florida

---

[22] Doc. 54 at 12.

[23] "Indeed, to the extent Onecom has any funds belonging to Plaintiff and to the extent the newly added Florida Defendants played any role in Onecom's retention of those funds, the funds would be at Onecom's offices in Miami, Florida, not in Texas." *Id.* at 6.

Defendants 28 days, from the day this case is transferred to the Southern District of Florida, to file a new motion to dismiss, should they choose to do so. Of course, the assigned judge in the Southern District of Florida may supersede this timeline for filing a renewed motion to dismiss.

### IV. Conclusion

In conclusion, the Court **TRANSFERS** this case to the Southern District of Florida, **DENIES WITHOUT PREJUDICE** Onecom's motion to dismiss, and gives all defendants 28 days to file new motions to dismiss in the Southern District of Florida. **IT IS SO ORDERED** this 24th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE